## GLANZ v. SPALDING.

*(Circuit Court, N. D. Illinois. May 26, 1885.)*

1. CUSTOMS DUTIES.
    Section 7, act March 3, 1883, as to dutiable value of merchandise, construed.
2. SAME—SEAL-SKINS, DUTY ON.
    Certain skins bought "undressed," or "in salt," brokerage, commissions, and packing charges on, not part of dutiable value.

At Law.

*Percy L. Shuman* and *Jo. H. Defrees, Jr.,* for plaintiff.

*Chester M. Dawes,* Asst. U. S. Atty., for defendant.

BLODGETT, J., *(orally.)* The plaintiff imported four lots of dressed seal-skins, and the inspector, for the purpose of determining the dutiable value, added brokerage, commissions, fire insurance, cost of dressing, dyeing, and warehousing, which the plaintiff paid under protest, and appealed. There was an adverse decision on the appeal, and this suit was brought in apt time to recover the money thus paid.

The proof shows that the skins in this case, as in the usual course of trade in this class of goods, were bought "undressed," or "in salt," as it is called in London, at auction, and in this case the dyer or dresser of these goods acted as the plaintiff's agent in the purchase, and bid off the goods at the auction. He then dyed and dressed the goods, "machined them," as it is called,—that is, passed them through a process by which the coarse hairs were taken out,—got them insured during the process of dressing and dyeing, and, when finished, packed and shipped them to the plaintiff, so that the cost to the importer of these goods was made up of the price paid for the green skins at the auction; the auctioneer's commissions, called "lot money;" the cost of dressing, dyeing, machining, fire insurance during the process of dressing, and the interest on the money advanced by the agent and his commissions, and the cost of packing.

Sections 2907 and 2908 authorized brokerage, commissions, cost of transportation from the place of purchase to the port of shipment, cost of packing, etc., to be added to the cost of the goods at the place where purchased, to make up the dutiable cost; but the act of March 3, 1883, repealed this section. The claim made to recover back the fire insurance item was abandoned on the trial, and the only question, therefore, in this case is as to the items of brokerage, commissions, and packing.

I find that the brokerage, commissions, and packing were improperly added to the cost of the goods, since the repeal of sections 2907 and 2908, and the plaintiff should, therefore, have a finding in his favor for the amount of these items.